Meyer, J.
(dissenting). Respectfully I disagree. Though subdivision 5 of section 400.00 of the Penal Law provides that “The application for any license, if granted, shall be a public record”, and subdivision 5 of section 89 of the Public Officers Law makes clear that the Freedom of Information Law does not “limit or abridge any otherwise available right of access * * * to records”, the holding of the majority fails to take account of subdivision 3 of section 400.00 of the Penal Law. The latter provision mandates that “An application shall state the full name, date of birth, residence, present occupation of each person or individual *970 signing the same, whether or not he is a citizen of the United States, whether or not he complies with each requirement for eligibility specified in subdivision one of this section* and such other facts as may be required to show the good character, competency and integrity of each person or individual signing the application.”
All that the Legislature has constituted a public record, therefore, is the data required by subdivision 3 to be stated. To the extent that the licensing officer may require information other than that listed above, subdivision 5 does not mandate public access and the Freedom of Information Law does not prohibit, indeed explicitly allows, abridgement of the right of access in specified instances. One such instance in which access may be denied is spelled out by section 87 (subd 2, par [f]) of the Public Officers Law: when the record “if disclosed would endanger the life or safety of any person”.
As the redacted applications in the record show, applications often, if not always, contain data concerning times when cash is, or other valuables are, transported by the prospective licensee. To open all the data concerning applicants to the public is to provide criminals with a ready source of information which if disclosed will endanger the life or safety of the applicant and possibly others. The Executive Director of the Committee on Public Access to Records recognized the potential danger in both of his letters to petitioner’s counsel, but looking only at subdivision 5 and not considering the relationship between it and subdivision 3 felt that only amendatory legislation could rectify the situation. The majority now falls into the same mistake.
The Freedom of Information Law permits deletions to be made from records before they are made available to the public (Public Officers Law, § 89, subd 2, pars [a], [c], cl i). The interests sought to be protected by the “public record” provision of subdivision 5 of section 400.00 of the Penal Law can be fully protected by making available to *971 petitioner only so much of the application papers as contains the data specified in subdivision 3 and such other data as the licensing officer concludes cannot endanger the life or safety of the applicant. I would, therefore, reverse the order of the Appellate Division and direct that the judgment of Special Term be modified to allow access to the applications in question only after redaction therefrom of data, other than that specified in subdivision 3, which the licensing officer finds would endanger an applicant’s life or safety.
Chief Judge Cooke and Judges Gabrielli, Jones and Wachtler concur; Judge Meyer dissents and votes to reverse in an opinion in which Judges Jasen and Fuchs-berg concur.
Order affirmed, with costs, in memorandum.

 Eligibility under subdivision 1 turns on good moral character, absence of conviction of a felony or serious offense, absence of mental illness or confinement for mental illness, and absence of good cause for denial of a license.